IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MLB PLAYERS INC.,<br><br>Plaintiff,<br><br>v.<br><br><br>DRAFTKINGS, INC., f/k/a DK CROWN HOLDINGS INC.,<br><br>Defendant. | CIVIL ACTION<br><br>NO. 24-4884-KSM |

### DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant DraftKings Inc., f/k/a DK Crown Holdings Inc. ("DraftKings") by and through undersigned counsel, hereby submits the following Answer to Plaintiffs' Complaint (ECF No. 1) (the "Complaint"). DraftKings denies all allegations to the extent that they assert or suggest, individually or collectively, that DraftKings is liable to Plaintiff. Except as otherwise indicated, the responses herein are made on personal knowledge with respect to allegations made specifically relating to DraftKings, and on information and belief with respect to all other allegations (including, based on information obtained from documents). DraftKings denies any allegation of the Complaint not expressly addressed, including any averments in the headings, subheadings, and footnotes of the Complaint. Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, allegations in the Complaint to which no responsive pleading is required shall be considered denied. DraftKings expressly reserves the right to seek leave to amend and/or supplement this Answer as may be necessary.

1

**RESPONSE TO SPECIFIC ALLEGATIONS**

1. DraftKings denies the allegations in Paragraph 1 of the Complaint, and specifically denies any liability, except admits that DraftKings is a leading online gaming company and that Plaintiff has filed a complaint in this action.

2. DraftKings denies the allegations in Paragraph 2 of the Complaint, except admits that DraftKings was founded in 2012 and offered daily fantasy sports at that time.

3. DraftKings lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint, and on that basis denies them.

4. DraftKings denies the allegations in Paragraph 4 of the Complaint that relate to DraftKings, except admits that following a 2018 U.S. Supreme Court ruling, DraftKings launched its Sportsbook platform. DraftKings lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint that relate to bet365, and on that basis denies them.

5. DraftKings denies the allegations in Paragraph 5 of the Complaint that relate to DraftKings, except admits that it has used MLB player images on DraftKings Sportsbook and on its social media. DraftKings avers that it does not require a license from MLBPI for the uses of MLB player images alleged in the Complaint. DraftKings lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint that relate to bet365, and on that basis denies them.

6. DraftKings denies the allegations in Paragraph 6 of the Complaint that relate to DraftKings, except admits that DraftKings Sportsbook does not currently include headshots of National Football League ("NFL") players. DraftKings lacks knowledge or information

sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint that relate to bet365, and on that basis denies them.

7.      Paragraph 7 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, DraftKings denies the allegations in Paragraph 7 of the Complaint and specifically denies that Plaintiff is entitled to any relief.

## JURISDICTION AND VENUE

8.      Paragraph 8 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, DraftKings lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8 of the Complaint, except admits that it is a corporation organized under the laws of the State of Nevada with its principal place of business in Boston, Massachusetts.

9.      Paragraph 9 of the Complaint cites 42 Pa. Const. Stat. § 5301(a)(2)(i) and 28 U.S.C. §1391(b)(2) and states a legal conclusion to which no response is required. DraftKings respectfully refers the Court to 42 Pa. Const. Stat. § 5301(a)(2)(i) and 28 U.S.C. §1391(b)(2) for their true and complete contents.

10.     Paragraph 10 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, DraftKings lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 10 of the Complaint, except admits that is had conducted business in this District.

## PARTIES

11.     DraftKings lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint, and on that basis denies them.

12.     DraftKings admits the allegations in Paragraph 12 of the Complaint.

13. DraftKings lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint, and on that basis denies them.

## FACTUAL ALLEGATIONS

14. DraftKings lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint, and on that basis denies them.

15. DraftKings lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint, and on that basis denies them.

16. Paragraph 16 of the Complaint purports to characterize the Professional and Amateur Sports Protection Act ("PASPA") and the Unlawful Internet Gambling Enforcement Act, it states a legal conclusion to which no response is required, and DraftKings respectfully refers the Court to those Acts for their true and complete contents.  With regard to the final sentence of Paragraph 16 of the Complaint, DraftKings lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

17. DraftKings lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint, and on that basis denies them.

18. DraftKings denies the allegations Paragraph 18 of the Complaint, except admits that in 2018 the United States Supreme Court decided *Murphy v. National Collegiate Athletic Association*, and respectfully refers the Court to that decision for its true and complete contents.

19. DraftKings lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint, and on that basis denies them.

20. DraftKings lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint, and on that basis denies them.

21. DraftKings denies the allegations in Paragraph 21 of the Complaint that relate to DraftKings, except admits that DraftKings offers bets on the outcomes of multiple sports, including prop bets. DraftKings lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint that relate to bet365, and on that basis denies them.

22. DraftKings denies the allegations in Paragraph 22 of the Complaint that relate to DraftKings, except admits that DraftKings expanded into online and retail sportsbook betting after the 2018 *Murphy* decision. DraftKings lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint that relate to bet365, and on that basis denies them.

23. DraftKings denies the allegations in Paragraph 23 of the Complaint that relate to DraftKings, except admits that it launched its Sportsbook platform in August 2018 in New Jersy and in November 2019 in Pennsylvania. To the extent Paragraph 23 of the Complaint purports to characterize DraftKings' annual report, no response is required, and DraftKings respectfully refers the Court to its annual report for its true and complete contents. DraftKings lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint that relate to bet365, and on that basis denies them.

24. DraftKings lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint, and on that basis denies them.

25. DraftKings lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint, and on that basis denies them.

26. DraftKings lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint, and on that basis denies them.

27. DraftKings lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint, and on that basis denies them.

28. DraftKings denies the allegations in Paragraph 28 of the Complaint that purport to characterize statements and images that appear on DraftKings Sportsbook, which is publicly accessible. DraftKings respectfully refers the Court to DraftKings Sportsbook for its true and complete contents. DraftKings lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint that relate to bet365, and on that basis denies them.

29. DraftKings denies the allegations in Paragraph 29 of the Complaint that purport to characterize statements and images that appear on DraftKings Sportsbook, which is publicly accessible and speaks for itself, and therefore, no response is required. DraftKings respectfully refers the Court to DraftKings Sportsbook for its true and complete contents.

30. DraftKings denies the allegations in Paragraph 30 of the Complaint that purport to characterize statements and images that appear in DraftKings Sportsbook, which is publicly accessible. DraftKings respectfully refers the Court to DraftKings Sportsbook for its true and complete contents.

31. DraftKings denies the allegations in Paragraph 31 of the Complaint that purport to characterize statements and images that appear on DraftKings Sportsbook, which is publicly accessible and speaks for itself. DraftKings respectfully refers the Court to DraftKings Sportsbook for its true and complete contents.

32. DraftKings denies the allegations in Paragraph 32 of the Complaint that purport to characterize statements and images that appear on DraftKings Sportsbook, which is publicly accessible. DraftKings respectfully refers the Court to DraftKings Sportsbook for its true and

complete contents.  DraftKings specifically denies that use of player images on DraftKings Sportsbook serves no purpose other than to increase user interest, promote the prop bet, and entice the user to click into prop bet pages and place bets.

33. DraftKings denies the allegations in Paragraph 33 of the Complaint.

34. DraftKings denies the allegations in Paragraph 34 of the Complaint that relate to DraftKings, except admits that DraftKings Sportsbook does not currently feature NFL player headshots.  DraftKings lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the Complaint that relate to bet365, and on that basis denies them.

35. With respect to the allegations in Paragraph 35 of the Complaint that purport to characterize the content and information on DraftKings' publicly available social media page, no response is required, and DraftKings respectfully refers the Court to its publicly available social media page for its true and complete content.  DraftKings otherwise denies the allegations in Paragraph 35 of the Complaint.  DraftKings avers that, with respect to the images of Paul Skenes that appear in Paragraph 35 of the Complaint, Plaintiff has selectively captured only two of three slides that appear on DraftKings' Instagram page, and omits another slide that highlights Paul Skenes' statistics.

36. DraftKings lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the Complaint, and on that basis denies them.

37. DraftKings lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Complaint, and on that basis denies them.

38. DraftKings denies the allegations in Paragraph 38 of the Complaint that relate to DraftKings.  DraftKings lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 38 of the Complaint that relate to bet365, and on that basis denies them.

39.     DraftKings denies the allegations in Paragraph 39 of the Complaint that relate to DraftKings.  DraftKings lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 of the Complaint that relate to bet365, and on that basis denies them.

40.     DraftKings denies the allegations in Paragraph 40 of the Complaint that relate to DraftKings.  DraftKings lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 of the Complaint that relate to bet365, and on that basis denies them.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

**Violation of 42 PA. CONST. STAT. § 8316**

41.     DraftKings hereby incorporates by reference its response to each and every allegation set forth in the preceding paragraphs of the Complaint.

42.     Paragraph 42 of the Complaint states a legal conclusion to which no response is required.  DraftKings respectfully refers the Court to 42 Pa. Const. Stat. § 8316(b) for its true and complete contents.

43.     DraftKings lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 of the Complaint relating to Plaintiff's rights.  Paragraph 43 of the Complaint states a legal conclusion with respect to standing to which no response is required.

44. DraftKings lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 of the Complaint, and on that basis denies them. DraftKings avers that Plaintiff has not sufficiently alleged that all MLB players' names, images, and likenesses have commercial value.

45. DraftKings denies the allegations in Paragraph 45 of the Complaint.

46. DraftKings denies the allegations in Paragraph 46 of the Complaint.

47. DraftKings denies the allegations in Paragraph 47 of the Complaint.

48. DraftKings denies the allegations in Paragraph 48 of the Complaint, and specifically denies that Plaintiff is entitled to any relief.

## SECOND CLAIM FOR RELIEF

### Violation of Common Law Misappropriation of Publicity

49. DraftKings hereby incorporates by reference its response to each and every allegation set forth in the preceding paragraphs of the Complaint.

50. Paragraph 50 of the Complaint states a legal conclusion to which no response is required.

51. DraftKings denies the allegations in Paragraph 51 of the Complaint.

52. DraftKings denies the allegations in Paragraph 52 of the Complaint, and specifically denies that Plaintiff is entitled to any relief.

## THIRD CLAIM FOR RELIEF

### Violation of Common Law Misappropriation of Identity

The Court granted DraftKings' Motion to Dismiss Count III. Therefore, Paragraphs 53–56 do not require a response. To the extent they do, the allegations in these paragraphs are denied.

## FOURTH CLAIM FOR RELIEF

### Unjust Enrichment

57. DraftKings hereby incorporates by reference its response to each and every allegation set forth in the preceding paragraphs of the Complaint.

58. DraftKings denies the allegations in Paragraph 58 of the Complaint.

59. DraftKings denies the allegations in Paragraph 59 of the Complaint.

60. DraftKings denies the allegations in Paragraph 60 of the Complaint, and specifically denies that Plaintiff is entitled to any relief.

## ANSWER TO REQUESTED RELIEF

WHEREFORE, in view of the foregoing, DraftKings denies that Plaintiff is entitled to any of the relief requested, or to any other relief.

## ANSWER TO DEMAND FOR JURY TRIAL

No response is required to Plaintiffs' demand for a jury trial.

## AFFIRMATIVE DEFENSES

DraftKings sets forth the below affirmative defenses. Each affirmative defense is asserted as to all claims asserted in the Complaint. By setting forth these defenses, DraftKings does not assume the burden of proving any fact, issue, or element of any claim where such burden properly belongs to Plaintiff. DraftKings does not in any way waive or limit any defenses that are or may be raised by its denials and averments. These defenses are pled in the alternative, to preserve the rights of DraftKings to assert such defenses, and are without prejudice to the ability of DraftKings to raise other and further defenses at any stage of this litigation. DraftKings reserves the right to seek leave to assert additional affirmative defenses based upon further investigation and discovery.

## FIRST AFFIRMATIVE DEFENSE

## (Laches)

MLBPI's claims are barred, in whole or in part, by the doctrine of laches. DraftKings has openly used player photos on its publicly available social media since at least 2015 and in connection with its publicly available Daily Fantasy Sports since at least 2012, of which MLBPI was certainly aware. Waiting to bring suit until now substantiates a finding of inexcusable delay. Allowing the suit to proceed would prejudice DraftKings by causing economic and expectation-based injury because it has made prolonged and concerted investments in building its editorial look and feel, and MLBPI's effort to undo that constitutes classic economic prejudice.

## SECOND AFFIRMATIVE DEFENSE

## (Copyright Preemption)

MLBPI's claims are impliedly preempted by federal copyright law. DraftKings has obtained licenses for the copyrighted images of MLB Players it uses on DraftKings Sportsbook and social media. The images are used for informational purposes—enhancing the presentation of newsworthy statistics and odds about a matter of public interest, baseball. The informational use of the headshots is squarely within the territory of the Copyright Act, meaning that the claims are impliedly preempted and thus must be dismissed.

## THIRD AFFIRMATIVE DEFENSE

## (News Report Exception)

The challenged uses of MLB player headshots on DK Sportsbook and DraftKings' social media accounts fit squarely within 42 Pa. Const. Stat. § 8316 and related common law misappropriation of identity exceptions for use of name or likeness in a news reporting context. Sports news, statistics, and odds are in the public interest, as are social media posts, which

present a forum for commentary and discussion about content that also is in the public interest. Thus, the Complaint fails as a matter of law to state statutory and common law right-of-publicity claims.

## FOURTH AFFIRMATIVE DEFENSE

### (First Amendment)

First Amendment considerations—the dissemination of, access to, and a forum for, discussion of information in the public interest—must be balanced against right-of-publicity interests. Nothing about the use of the headshots on DK Sportsbook or the images in the single Paul Skenes Instagram post alleged in the Complaint plausibly prevents players from earning a living, disincentivizes productive activity, confuses consumers, impacts natural rights or imparts any emotional harm on MLBPI. The First Amendment interests—providing information about baseball that is of public interest and providing a forum for the public to discuss that content—must prevail as a matter of law in the balancing analysis, and therefore Plaintiff's claims should be dismissed.

## FIFTH AFFIRMATIVE DEFENSE

### (Improper Plaintiff)

42 Pa. Const. Stat. § 8316 and related common law misappropriation of identity claims require a plaintiff to have received an assignment in writing from a natural person whose name or likeness is being sued on behalf of. MLBPI does not have a written assignment from a natural person, and thus is not a proper plaintiff to adjudicate these claims.

## SIXTH AFFIRMATIVE DEFENSE

### (No Benefit)

MLBPI's unjust enrichment claim is based entirely on DraftKings' conduct, and the Complaint fails to allege that MLBPI conferred any benefit on DraftKings. In the absence of this essential element, there is no basis for applying a quasi-contractual remedy.

## SEVENTH AFFIRMATIVE DEFENSE

### (Pennsylvania Law is Inapplicable)

There is no basis to apply the laws of the State of Pennsylvania to the claims in this case. Plaintiff is a Delaware corporation with a principal place of business in New York, and could not have been harmed in Pennsylvania. Additionally, the overwhelming majority of MLB players whose rights Plaintiff seeks to vindicate do not reside in Pennsylvania and could not have been harmed in Pennsylvania.

## **PRAYER FOR RELIEF**

WHEREFORE, DraftKings asks for judgment on Plaintiff's claims as follows:

1. Judgment in favor of DraftKings and against Plaintiff on all claims;

2. An award by the Court to DraftKings of its costs in this case;

3. An award by the Court to DraftKings of its reasonable attorneys' fees in this case; and

4. An award by the Court to DraftKings of any other relief that the Court considers just and proper.

[Remainder of page intentionally left blank.]

Dated: March 28, 2025

Barry L. Cohen (PA Id. 68864)
Julie M. Latsko (PA Id. 315782)
**ROYER COOPER COHEN BRAUNFELD**
Three Logan Square
1717 Arch Street, 47th Floor
Philadelphia, PA 19103
Tel: (484) 362-2628
Fax: (484) 362-2630
bcohen@rccblaw.com
jlatsko@rccblaw.com

Respectfully submitted,

*/s/ Megan K. Bannigan*

Megan K. Bannigan (*pro hac vice*)
David H. Bernstein (*pro hac vice*)
Jared I. Kagan (*pro hac vice*)
Jacob Hochberger (*pro hac vice*)
**DEBEVOISE & PLIMPTON LLP**
66 Hudson Boulevard
New York, New York 10001
(212) 909-6000
mkbannigan@debevoise.com
dhbernstein@debevoise.com
jikagan@debevoise.com
jhochberger@debevoise.com

**ATTORNEYS FOR DRAFTKINGS INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on March 28, 2025, a true and correct copy of the foregoing document was served on all counsel of record via the Court's ECF system.

> /s/ Megan K. Bannigan
> Megan K. Bannigan (*pro hac vice*)
> David H. Bernstein (*pro hac vice*)
> Jared I. Kagan (*pro hac vice*)
> Jacob Hochberger (*pro hac vice*)
> **DEBEVOISE & PLIMPTON LLP**
> 66 Hudson Boulevard
> New York, New York 10001
> (212) 909-6000
> mkbannigan@debevoise.com
> dhbernstein@debevoise.com
> jikagan@debevoise.com
> jhochberger@debevoise.com