IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MLB PLAYERS INC.,**<br><br>                    Plaintiff,<br><br>     v.<br><br>**DRAFTKINGS, INC., f/k/a DK CROWN HOLDINGS INC.,**<br><br>                    Defendant. | **CIVIL ACTION**<br><br>**NO. 24-4884-KSM** |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
DEFENDANT DRAFTKINGS INC.'S MOTION TO CERTIFY ORDER FOR
INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)
<u>AND FOR STAY PENDING ACCEPTANCE OF APPEAL</u>**

**TABLE OF CONTENTS**

                                                                                                                                            **Page**

I.   Each Question Presented Raises a Controlling Question of Law on Which There Is a Substantial Ground for Difference of Opinion ................................................................. 1

      A.   The scope of the statutory "public interest" exception and common law exception is a controlling question of law on which there is a substantial ground for difference of opinion. (Issue 1). .......................................................... 3

      B.   There are substantial grounds for difference of opinion regarding whether the Statute permits a suit based on a group licensing right. (Issue 3). .................... 5

      C.   There is a substantial ground for difference of opinion as to whether the Statute or common law permits the sublicense of a right of publicity claim. (Issue 4). ............................................................................................................. 6

      D.   The recognized intracircuit split regarding unjust enrichment supports the substantial ground for difference of opinion. (Issue 2). ......................................... 6

II.   A Third Circuit Ruling in DraftKings' Favor on Each Question Presented Would Materially Advance the Termination of the Litigation ........................................................ 7

      A.   Resolution of the scope of the public interest exception will lead to dismissal of the litigation. (Issue 1). ......................................................................... 8

      B.   Resolution of the intracircuit split on unjust enrichment will materially advance the termination of the litigation by eliminating the remaining claim or, in the alternative, narrowing the scope of issues. (Issue 2). ................... 8

      C.   A finding that a sublicensee cannot sue under the Statute or common law will materially advance the termination of this litigation. (Issue 4). ..................... 9

## TABLE OF AUTHORITIES

**Cases**

*A.S. ex rel. Miller v. SmithKline Beecham Corp.*,
  No. 13–2382, 2013 WL 6506570 (M.D. Pa. Dec. 12, 2013) ...................................................... 7

*Bradburn Parent Tchr. Store, Inc. v. 3M*,
  No. 02-7676, 2005 WL 1819969 (E.D. Pa. Aug. 2, 2005) ........................................................ 1

*Brockum Co. v. Blaylock*,
  729 F. Supp. 438 (E.D. Pa. 1990) ............................................................................................ 6

*Cardtoons, L.C. v. MLBPA*,
  95 F.3d 959 (10th Cir. 1996) .................................................................................................. 5

*Certain Underwriters at Lloyds, London v. Horowitz*,
  No. 98-199, 1998 WL 634913 (E.D. Pa. Sept. 16, 1998) ......................................................... 6

*Chase Manhattan Bank v. Iridium Afr. Corp.*,
  324 F. Supp. 2d 540 (D. Del. 2004) ........................................................................................ 4

*Cuttic v. Crozer-Chester Med. Ctr.*,
  806 F. Supp. 2d 796 (E.D. Pa. 2011) ...................................................................................... 3

*Daniels v. FanDuel, Inc. & DraftKings Inc.*,
  No. 1:16-cv-01230-TWP-DKL, 2017 WL 4340329 (S.D. Ind. Sept. 29, 2017) ........................ 8

*F.T.C. v. Wyndham Worldwide Corp.*,
  10 F. Supp. 3d 602 (D.N.J. 2014) ..................................................................................... 4, 9

*Gibel v. Iron Cumberland, LLC*,
  No. 23-2050, 2025 WL 745220 (W.D. Pa. Mar. 7, 2025) ........................................................ 1

*In re: Domestic Drywall Antitrust Litig.*,
  No. 13-2437, 2016 WL 2941114 (E.D. Pa. May 20, 2016) ..................................................... 8

*In re Valeant Pharms. Int'l, Inc. Sec. Litig.*,
  No. 15-7658, 2019 WL 6799090 (D.N.J. Dec. 5, 2019) .......................................................... 7

*In re Viropharma Inc. Sec. Litig.*,
  No. 12-2714, 2014 WL 13126686 (E.D. Pa. Sept. 5, 2014) ................................................... 10

*Knipe v. SmithKline Beecham*,
  583 F. Supp. 2d 553 (E.D. Pa. 2008) ...................................................................................... 2

*LM Gen. Ins. Co. v. LeBrun*,
  No. 19-2144, 2020 WL 7770233 (E.D. Pa. Dec. 30, 2020) (Marston, J.) ............................... 7

*Miron v. Seidman*,
    No. 04-968, 2006 WL 3742772 (E.D. Pa. Dec. 13, 2006)......................................................7

*Nationwide Life Ins. Co. v. Commonwealth Land Title Ins. Co.*,
    No. 05-281, 2011 WL 1044864 (E.D. Pa. Mar. 23, 2011) ......................................................2

*Peace Church Risk Retention Grp. v. Johnson Controls Fire Prot. LP*,
    No. 19-5377, 2021 WL 3910734 (E.D. Pa. Sept. 1, 2021) ......................................................2

*Piazza v. Major League Baseball*,
    836 F. Supp. 269 (E.D. Pa. 1993) .........................................................................................10

*Pitts v. Chester Cnty. Hosp.*,
    No. 99-2488, 2000 WL 218125 (E.D. Pa. Feb. 24, 2000) .....................................................10

*Popular Leasing U.S.A., Inc. v. Forman*,
    No. 09-2788, 2009 WL 2969519 (D.N.J. Sept. 14, 2009) ......................................................9

*Sayles v. Allstate Ins. Co.*,
    No. 3:16-CV-01534, 2017 WL 2985402 (M.D. Pa. July 13, 2017) ....................................4, 7

*Schalliol v. Fare*,
    206 F. Supp. 2d 689 (E.D. Pa. 2002) ......................................................................................9

*Shaup v. Frederickson*,
    No. 97-7260, 1998 WL 800321 (E.D. Pa. Nov. 17, 1998) ......................................................3

*Tennessee Gas Pipeline Co., L.L.C. v. Permanent Easement for 7.053 Acres*,
    No. 12-01477, 2017 WL 4954093 (M.D. Pa. Nov. 1, 2017) ...................................................4

*United States ex rel. Brown v. Pfizer, Inc.*,
    No. 05-6795, 2017 WL 2691927 (E.D. Pa. June 22, 2017).....................................................8

**Statutes**

42 Pa. Cons. Stat. § 8316(a)............................................................................................................5

15 U.S.C. § 45(a) .............................................................................................................................5

28 U.S.C. § 1292(b) ................................................................................................................ *passim*

Okla Stat. tit. 12 § 1449(A)..............................................................................................................5

The questions DraftKings seeks to certify for interlocutory appeal are controlling issues of law that would be matters of first impression before the Third Circuit.  Certification of an interlocutory appeal so the Third Circuit can answer them will provide much needed guidance on important legal matters and will help focus the issues in this case.

## ARGUMENT

**I.     Each Question Presented Raises a Controlling Question of Law on Which There Is a Substantial Ground for Difference of Opinion**

MLBPI does not seriously dispute that the issues DraftKings seeks to certify for interlocutory appeal are controlling questions of law.  Rather, it argues that, because these are questions of first impression before the Third Circuit, that is insufficient to give rise to "a substantial difference of opinion."  28 U.S.C. § 1292(b).  This is not the law.  The public interest and common law exceptions issue (Issue 1), group licensing issue (Issue 3), and sublicensee issue (Issue 4) each raise novel questions of law yet to be addressed by the Third Circuit.  Resolution of the unjust enrichment issue (Issue 2) would settle an established, intracircuit split in authority.[1]  Both circumstances satisfy § 1292(b)'s requirements for interlocutory appeal.

The operative question under the second element of § 1292(b) is whether there is "'genuine doubt' about the proper resolution of the legal question at hand."  MLBPI's Opposition to DraftKings' Motion for Interlocutory Appeal ("Opp.") at 10 (quoting *Bradburn Parent Tchr. Store, Inc. v. 3M*, No. 02-7676, 2005 WL 1819969, at *4 (E.D. Pa. Aug. 2, 2005)); *see also* Mot. at 4 (quoting *Gibel v. Iron Cumberland, LLC*, No. 23-2050, 2025 WL 745220, at *2 (W.D. Pa. Mar. 7, 2025)).  Matters of first impression are appropriate for certification for interlocutory appeal because the absence of controlling precedent means there are substantial

---

[1]  The enumerated issues identified reflect those on page 2 of DraftKings' Motion for Interlocutory Appeal, ECF No. 60-1 ("Mot.").

grounds for difference of opinion and the resolution of controlling issues can materially advance the termination of the litigation. *See* Mot. at 7, 11, 13, 14.

Questions on which a circuit court has not spoken are suited for interlocutory review because they provide the circuit court the opportunity to settle the law before proceedings begin in earnest. Contrary to MLBPI's suggestion, courts in this District regularly certify questions for interlocutory review under these circumstances. *See, e.g.*, *Peace Church Risk Retention Grp. v. Johnson Controls Fire Prot. LP*, No. 19-5377, 2021 WL 3910734, at *2 (E.D. Pa. Sept. 1, 2021) ("Neither party nor the Court has located one case supporting the specific theory of liability presented here. . . . there simply are no cases permitting third-party tortfeasors to recover tort damages for payments that they voluntarily made to settle claims against them. The second [§ 1292(b)] element is met."); *Nationwide Life Ins. Co. v. Commonwealth Land Title Ins. Co.*, No. 05-281, 2011 WL 1044864, at *3 (E.D. Pa. Mar. 23, 2011) ("The particular question at issue in this case . . . is one of first impression. The Third Circuit . . . has yet to clearly opine on the issue. Similarly, neither party has cited—nor has this Court found—any other judicial opinion, arising either on the appellate or district court level, discussing the [question]. . . . The sheer absence of any persuasive, let alone controlling, law on this issue is sufficient on its own to provide substantial grounds for difference of opinion. "); *Knipe v. SmithKline Beecham*, 583 F. Supp. 2d 553, 600 (E.D. Pa. 2008) (the question "has generated only one other judicial opinion, [based on] highly distinguishable facts. [] Thus, this Court's [] decision involves a rather novel question of law, which the Third Circuit has not yet had the opportunity to address. . . . Given these facts, the Court finds that a substantial ground for difference of opinion exists.").

The cases on which MLBPI relies to support its argument that the issues do not present substantial grounds for difference of opinion are inapposite. *See, e.g.*, Opp. at 8, 10 (citing

2

*Shaup v. Frederickson*, No. 97-7260, 1998 WL 800321, at *3 (E.D. Pa. Nov. 17, 1998); *Cuttic v. Crozer-Chester Med. Ctr.*, 806 F. Supp. 2d 796, 805 (E.D. Pa. 2011)). In *Shaup*, the court denied certification where "there would be no appreciable reduction in the length of the trial should the additional theories [] be included," because discovery was already complete and the case was placed in the trial pool. 1998 WL 800321 at *3. That is not the case here. Although the parties have ironed out the scope of document discovery, no documents have yet been produced, no depositions have been taken, and the Court has not yet entered a schedule.

In *Cuttic*, this Court held that there were not substantial grounds for difference of opinion because there was a persuasive Fifth Circuit decision supporting the court's order that was "helpful in determining the ultimate dispute" and "other cases faced with" the same issue relied on it, so there was not an absence of controlling authority. *Cuttic*, 806 F. Supp. 2d at 805 (E.D. Pa. 2011). While MLBPI cites *Cuttic* for the proposition that "the fact that a specific issue has not been previously addressed is 'insufficient to support certification,'" Opp. at 10, the court actually stated that a matter of first impression "*alone*, is insufficient to support certification." *Cuttic*, 806 F. Supp. 2d at 805 (emphasis added). Here, the Third Circuit has never spoken on the scope of the questions at issue, and, in the case of the Statute's public interest exception, there is conflicting persuasive precedent in other circuits.

Issues 1, 3, and 4, as matters of first impression, satisfy the second factor under § 1292(b). The recognized intracircuit split on Issue 2, regarding unjust enrichment, similarly demonstrates a difference of opinion and should also be certified for appeal.

      A.    *The scope of the statutory "public interest" exception and common law exception is a controlling question of law on which there is a substantial ground for difference of opinion. (Issue 1).*

The statutory public interest and common law exceptions have not been interpreted by the Pennsylvania Supreme Court, district courts in this Circuit, or the Third Circuit Court of

3

Appeals.  The Court here recognized the "dearth of cases interpreting [the Statute's] public interest exception" and "found no state court opinions that discuss § 8316's public interest exception[,] [and] only one federal district court opinion that does," but found that case "of no use."  Order on DraftKings' Motion to Dismiss, ECF No. 54, at 34.  The absence of controlling precedent—and the Court's express acknowledgement of that reality—strongly supports a substantial ground for difference of opinion.  *See Sayles v. Allstate Ins. Co.*, No. 3:16-CV-01534, 2017 WL 2985402, at *2 (M.D. Pa. July 13, 2017) ("as the Court recognized previously, the Pennsylvania Supreme Court has not directly weighed in on this specific issue, and therefore there is an absence of controlling law."); *see also Tennessee Gas Pipeline Co., L.L.C. v. Permanent Easement for 7.053 Acres*, No. 12-01477, 2017 WL 4954093, at *3 (M.D. Pa. Nov. 1, 2017) ("the absence of controlling law on a particular issue can constitute 'substantial grounds'" for difference of opinion supporting certification) (quoting *Chase Manhattan Bank v. Iridium Afr. Corp.*, 324 F. Supp. 2d 540, 545 (D. Del. 2004)).

In addition to the scope of the Statute's public interest exception being a matter of first impression, there are conflicting decisions over the relationship between the Statute and the common law right of publicity.  *See* Order at 42–43 ("No Pennsylvania state court has spoken to whether § 8316 abrogates the common law cause of action for misappropriation of publicity.  And the few federal district courts to discuss the issue are split.").  That presents an independent basis to find a substantial ground for difference of opinion.

Courts within the Third Circuit have held that novel, complex statutory interpretation issues, such as the interpretation of the public interest exception and the Statute's interplay with the common law presented here, satisfy the second § 1292(b) prong because that legal question gives rise to a substantial ground for difference of opinion.  *See, e.g.*, *F.T.C. v. Wyndham*

4

*Worldwide Corp.*, 10 F. Supp. 3d 602, 634–635 (D.N.J. 2014), *aff'd*, 799 F.3d 236 (3d Cir. 2015) (finding the second § 1292(b) factor satisfied where, under the 15 U.S.C. § 45(a), the question of whether FTC had authority to promulgate a legal standard governing corporate data security, or alternatively failed to provide adequate notice of that standard, were novel questions with complex statutory interpretation issues over which reasonable jurists may differ). The Third Circuit taking up the scope of the Statute and the common law on appeal would resolve significant legal issues both for this case and for future cases.

>B.  *There are substantial grounds for difference of opinion regarding whether the Statute permits a suit based on a group licensing right.  (Issue 3).*

Whether the Statute permits a plaintiff to assert a group licensing right is in genuine doubt because that issue has never been addressed by the Third Circuit and neither party, nor this Court, has found a case explicitly permitting it.

Under a plain reading of the Statute, a cause of action is available to a "natural person," not a group. 42 Pa. Cons. Stat. § 8316(a). MLBPI's "wealth of authority" is anything but. Opp. at 5. Not a single case it cites recognized a group licensing right under the Statute. Rather, it cites inapposite out-of-circuit cases. In *Cardtoons*, the Oklahoma statute at issue is devoid of the "natural person" language present here, and *CBS Interactive* did not involve the viability of suing for a statutory violation based on the group license, so its usefulness is limited. *See Cardtoons, L.C. v. MLBPA*, 95 F.3d 959, 968 (10th Cir. 1996) (citing Okla Stat. tit. 12 § 1449(A) ("Any person who knowingly uses another's name ….")).

MLBPI's argument that DraftKings only raised the argument concerning a group right in its reply is unavailing. Opp. at 4–5. This issue is before the Court because MLBPI argued in opposition to DraftKings' motion to dismiss that it did not need to identify the natural persons whose rights it was suing over because it was suing under a group right. In reply, DraftKings

5

argued that a group right is unenforceable under the Statute. The Court ultimately accepted MLBPI's argument, and it raises a controlling legal question.

Accordingly, there is genuine doubt as to whether a statute that grants a cause of action to a "natural person" and common law precedent identifying the right of publicity as an individual right can support a group licensing right as a matter of law. *See* Mot. at 10–11.

        C.    *There is a substantial ground for difference of opinion as to whether the Statute or common law permits the sublicense of a right of publicity claim. (Issue 4).*

Despite MLBPI's assertion that no "principle of law or logic" would prevent a licensee from further sublicensing the right of publicity, such a sublicense is not permitted under the Statute or the common law. Opp. at 7. *Certain Underwriters* does not change this conclusion. Opp. at 7–8 (citing *Certain Underwriters at Lloyds, London v. Horowitz*, No. 98-199, 1998 WL 634913, at *2 (E.D. Pa. Sept. 16, 1998)). Its holding that a party may assign contractual rights (that are enforceable against a counterparty to the contract) is irrelevant to whether an *individual* right of publicity is transferable from one entity to another (to be enforced against a stranger). *Certain Underwriters*, 1998 WL 634913, at *2. Further, the Court's citation to *Brockum* for the proposition that "[t]he right of publicity may be legally and validly transferred . . . to a corporate third-party licensee" does not address MLBPA's alleged subsequent **sublicensing** to MLBPI. Order at 19 (quoting *Brockum Co. v. Blaylock*, 729 F. Supp. 438, 446 (E.D. Pa. 1990)). Accordingly, the question of whether MLBPI is a proper plaintiff has substantial grounds for difference of opinion and should be certified for interlocutory appeal.

        D.    *The recognized intracircuit split regarding unjust enrichment supports the substantial ground for difference of opinion. (Issue 2).*

The intracircuit split regarding unjust enrichment demonstrates precisely *why* there is a substantial ground for difference of opinion. The Court analyzed *Pellegrino* and *Lundberg* and

expressed disagreement with *Pellegrino*'s reasoning. That is, at its core, a difference of opinion as to whether the claim for unjust enrichment should be dismissed. One district court disagreeing with another does not settle the matter; it demonstrates there is a difference of opinion as to the correct legal standard, which underscores why interlocutory review is appropriate. *See LM Gen. Ins. Co. v. LeBrun*, No. 19-2144, 2020 WL 7770233 (E.D. Pa. Dec. 30, 2020), *order amended on reconsideration,* No. 19-2144, 2021 WL 322858 (E.D. Pa. Jan. 29, 2021) (Marston, J.) ("The clearest evidence of 'substantial grounds for difference of opinion' is where 'there are conflicting interpretations from numerous courts.'") (quoting *Sayles*, 2017 WL 2985402, at *2); *In re Valeant Pharms. Int'l, Inc. Sec. Litig.*, No. 15-7658, 2019 WL 6799090, at *3, 4 (D.N.J. Dec. 5, 2019) ("Doubt may take the form of conflicting precedent[,] . . . [c]ourts . . . apply[ing] conflicting interpretations[,] . . . [or] uncertainty . . . from a lack of clarity from the Third Circuit."); *Miron v. Seidman*, No. 04-968, 2006 WL 3742772, at *3 (E.D. Pa. Dec. 13, 2006) ("A party *may* establish that substantial grounds for difference of opinion exist by demonstrating that *different courts* have issued conflicting and contradictory opinions when interpreting a particular question of law" and "acknowledge[ment] that multiple district courts" disagree supports certifying an order for interlocutory appeal.) (emphasis in original).

II.   **A Third Circuit Ruling in DraftKings' Favor on Each Question Presented Would Materially Advance the Termination of the Litigation**

The relevant question courts must answer on the third § 1292(b) factor is "whether an immediate appeal *may materially advance* the termination of the litigation, not whether an immediate appeal *definitively will advance* the termination of the litigation." *See A.S. ex rel. Miller v. SmithKline Beecham Corp.*, No. 13–2382, 2013 WL 6506570, at *3 (M.D. Pa. Dec. 12, 2013) (emphasis added). The answer to that question as to each issue presented is in the affirmative, and MLBPI's arguments to the contrary miss the mark.

7

A. *Resolution of the scope of the public interest exception will lead to dismissal of the litigation. (Issue 1).*

MLBPI argues that resolution of this question will not materially advance termination of the litigation because it is a mixed question of fact and law. MLBPI is wrong. The Court has already identified that the scope of the exception is a purely legal question. *See* Order at 38, 39, 41, 42. Resolving it would not require additional factual development and its applicability to the Complaint could and should be decided at the motion to dismiss stage, as the court did in *Daniels*. *See Daniels v. FanDuel, Inc. & DraftKings Inc.*, No. 1:16-cv-01230-TWP-DKL, 2017 WL 4340329, at *7 (S.D. Ind. Sept. 29, 2017).

Even if the Court disagrees that resolution of the question will result in dismissal, the Third Circuit's interpretation will provide clarity as to the outer bounds of the "public interest" exception, which could simplify and hone the issues in this case by providing a framework to assess each of DraftKings' alleged uses. This clarity, in turn, would advance the termination of the litigation by removing uncertainty from the central legal question. *See United States ex rel. Brown v. Pfizer, Inc.*, No. 05-6795, 2017 WL 2691927, at *5 (E.D. Pa. June 22, 2017) ("if 'resolution of the issue could clarify at least one complex issue,' then the moving party has satisfied their burden of proving that certification would materially advance the ultimate termination of the litigation.") (quoting *In re: Domestic Drywall Antitrust Litig.*, No. 13-2437, 2016 WL 2941114, *4 (E.D. Pa. May 20, 2016)).

B. *Resolution of the intracircuit split on unjust enrichment will materially advance the termination of the litigation by eliminating the remaining claim or, in the alternative, narrowing the scope of issues. (Issue 2).*

MLBPI seeks to isolate unjust enrichment as a standalone issue to argue that dismissal of that particular claim would not materially advance termination of the litigation as a whole because the right of publicity claims would remain. Putting aside that DraftKings also seeks

8

certification on issues involving the right of publicity claims, dismissal of any claim materially advances the termination of the litigation because it reduces the number and scope of facts and legal matters in dispute. *See Popular Leasing U.S.A., Inc. v. Forman*, No. 09-2788, 2009 WL 2969519, at *5 (D.N.J. Sept. 14, 2009) ("a ruling . . . would dispose of a contentious issue on which the law is unsettled, thereby limiting the disputes below to issues relevant to the traditional claims [and] eliminating the need for successive rulings clarifying the scope of the purported cause of action and its elements."); *Schalliol v. Fare*, 206 F. Supp. 2d 689, 701 (E.D. Pa. 2002) (granting certification where "an immediate appeal may materially advance the ultimate termination of the litigation by providing the parties with certainty as to the scope of possible financial exposure if the case were to proceed to trial").

Judges have discretion to consider whether analyzing multiple questions on appeal together may materially advance the termination of litigation by resolving key legal issues that would otherwise prolong the litigation. *See, e.g.*, *F.T.C. v. Wyndham Worldwide Corp.*, 10 F. Supp. 3d 602, 635 (D.N.J. 2014), *aff'd*, 799 F.3d 236 (3d Cir. 2015) (certifying multiple questions for interlocutory review because, reversal as to either controlling question of law would narrow any further litigation). The Court should exercise that discretion here.

    C. *A finding that a sublicensee cannot sue under the Statute or common law will materially advance the termination of this litigation. (Issue 4)*.

Contrary to MLBPI's strained argument, whether MLBPI is the proper plaintiff is dispositive. Reversal by the Third Circuit on the question of MLBPI's standing would require dismissal of all of its claims. The cases on which MLBPI relies to argue that the common law claim would remain even if the statutory one is dismissed are dissimilar because the claims in those cases were not related as they are here, and the parties there did not seek review of issues relating to every claim at issue. *See* Opp. at 8.

9

In *Piazza*, the MLB sought interlocutory review of the district court's ruling on baseball's antitrust exemption, but the court denied certification, in part, because the MLB did not seek review of other unrelated constitutional, civil rights, and state law claims, each of which would proceed while the interlocutory appeal was pending. *Piazza v. Major League Baseball*, 836 F. Supp. 269, 272–73 (E.D. Pa. 1993). Here, that DraftKings sought review of each issue—and their underlying factual linkage—distinguishes this case from *Piazza* because there is little risk that certain issues would remain before this court while an interlocutory appeal proceeds.

Likewise, *Pitts* is inapplicable because the interlocutory appeal there sought to overturn denial of a partial motion to dismiss based on the applicable statute of limitations, but reversal of that holding would not have led to the case's dismissal. *Pitts v. Chester Cnty. Hosp.*, No. 99-2488, 2000 WL 218125, at *2 (E.D. Pa. Feb. 24, 2000). Here, the common law claims mirror the statutory ones, and thus reversal on appeal would lead to the dismissal of both.

Lastly, MLBPI's reliance on *Viropharma* is unhelpful because the underlying decision there, which considered misstatements and omissions allegedly made in violation of the PLSRA, also found that "the Complaint alleged several actionable misstatements and omissions." *In re Viropharma Inc. Sec. Litig.*, No. 12-2714, 2014 WL 13126686, at *1 n.1 (E.D. Pa. Sept. 5, 2014). Defendant sought immediate appeal of only some of the analysis, and reversal on appeal would have only minimized the amount of statements analyzed, not eliminated the claims entirely. *Id.* DraftKings seeks review of four questions, each of which would be dispositive of the case on remand, and thus *Viropharma* is unhelpful to MLBPI's argument.

## CONCLUSION

For the foregoing reasons and those discussed in DraftKings' opening brief, DraftKings respectfully requests that the Court certify the stated questions for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) and stay these proceedings pending certification and possible appeal.

Dated:  April 24, 2025

Barry L. Cohen (PA Id. 68864)
Julie M. Latsko (PA Id. 315782)
**ROYER COOPER COHEN BRAUNFELD LLC**
Two Logan Square
1717 Arch Street, 47th Floor
Philadelphia, PA 19103
Tel:  (484) 362-2628
Fax:  (484) 362-2630
bcohen@rccblaw.com
jlatsko@rccblaw.com

Respectfully submitted,

*/s/ Megan K. Bannigan*
Megan K. Bannigan (*pro hac vice*)
David H. Bernstein (*pro hac vice*)
Jared I. Kagan (*pro hac vice*)
Jacob Hochberger (*pro hac vice*)
**DEBEVOISE & PLIMPTON LLP**
66 Hudson Boulevard
New York, New York 10001
(212) 909-6000
mkbannigan@debevoise.com
dhbernstein@debevoise.com
jikagan@debevoise.com
jhochberger@debevoise.com

**ATTORNEYS FOR DRAFTKINGS INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on April 24, 2025 a true and correct copy of the foregoing document was served on all counsel of record via the Court's ECF system.

*/s/ Megan K. Bannigan*
Megan K. Bannigan (*pro hac vice*)
David H. Bernstein (*pro hac vice*)
Jared I. Kagan (*pro hac vice*)
Jacob Hochberger (*pro hac vice*)
**DEBEVOISE & PLIMPTON LLP**
66 Hudson Boulevard
New York, New York 10001
(212) 909-6000
mkbannigan@debevoise.com
dhbernstein@debevoise.com
jikagan@debevoise.com
jhochberger@debevoise.com
